### JONES *v.* THE STATE.

ATKINSON, J. 1. On the trial the evidence tended to show that the homicide was murder without any mitigating circumstances, but the accused in his statement claimed that it was an accidental killing. The judge defined reasonable doubt, and otherwise fully charged the jury on that subject. Immediately following such charge he also instructed the jury on the law of accidental killing, thus: "The law says no person shall be convicted of any crime or misdemeanor that is the result of an accident or misfortune; and in this case the court charges you that if you are satisfied from the evidence in this case that the person alleged to have been killed, if he was killed, and you are satisfied that it was an accidental killing, and that there was no evil desire or intention or criminal negligence, you would not be authorized to find the defendant guilty." After giving the instruction just quoted he proceeded to charge the law in regard to the prisoner's statement, after which he concluded with the charge: "If you are not satisfied to `a moral certainty and beyond a reasonable doubt of the material allegations in the bill of indictment, or if you have any reasonable doubt in this case, it would be your duty to give the benefit of that doubt to the defendant and acquit him." *Held,* that the charge in regard to homicide by accident was not error on the ground that it destroyed the effect of the charge on the law of reasonable doubt. Penal Code, § 40.

2. The evidence alleged to have been newly discovered was not of such character as would be likely to produce a different result on another trial. *Srochi* v. *Ventrees,* ante, 345 (78 S. E. 1003).

3. The evidence authorized the verdict, and the discretion of the trial judge in refusing to grant a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*
AUGUST 12, 1913.

Indictment for murder.   Before Judge J. B. Park.   Morgan superior court.   April 23, 1913.

*J. M. Merritt,* for plaintiff in error.  *T. S.· Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.